The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for an opinion on the following question related to the levy of municipal gross receipts taxes pursuant to A.C.A. § 26-75-602:
 1. If a city of the first class levies a gross receipts tax by ordinance under the authority of A.C.A. § 26-75-602, does the language in A.C.A. § 26-75-602(c)(1) allow for the collection of gross receipts taxes from an occupant of a motel or hotel room for up to twenty-nine (29) days if they do not state their intention to the motel or hotel owner to stay in a motel or hotel for thirty (30) days or longer but do occupy a hotel or motel room for thirty (30) days or longer?
 2. If a hotel or motel owner charges the occupant of a hotel or motel room for the tax in Question 1 on a daily or weekly basis and collects the tax along with the bill on a daily or weekly basis, is the occupant, who did not state his intentions to stay thirty (30) days or longer to the hotel or motel owner, entitled to a refund of the tax if the occupant stays in hotel or motel room thirty (30) days or longer for the full amount of the tax collected from the first day of occupancy or does the hotel or motel owner no longer collect the tax from day thirty (30) of the occupancy of the person in the hotel or motel? *Page 2 
RESPONSE
As will be explained in greater detail below, it is my opinion that the relevant statutory language indicates that it is the length of the period for which the accommodations are rented, i.e., the period for which the proprietor of said accommodations is obligated to make them available to the renter, [1] rather than the number of days that the renter ultimately stays, that determines whether the rental is subject to the gross receipts tax. Therefore, in response to question 1, it is my opinion that a hotel or motel owner may properly collect the gross receipts tax from an occupant of a motel or hotel room if the occupant does not state their intention to stay in the motel or hotel for 30 days or longer, i.e., they never rent the room for a single period of 30 days or longer. This is true even if the renter ultimately stays for 30 days or longer by renting the room for shorter consecutive periods. Moreover, in response to question 2, it is my opinion that where accommodations are rented for a day or week at a time and never for a period of thirty days or more at a time, the gross receipts tax applies and the renter is not entitled to a refund if he or she ultimately stays for thirty days or more.
Question 1: If a city of the first class levies a grossreceipts tax by ordinance under the authorityof A.C.A. § 26-75-602, does the languagein A.C.A. § 26-75-602(c)(1) allow for the collection of grossreceipts taxes from an occupant of a motel or hotel room for up totwenty-nine (29) days if they do not state their intention to themotel or hotel owner to stay in a motel or hotel forthirty (30) days or longer but do occupy a hotel or motel room forthirty (30) days or longer?
The section that you referenced, A.C.A. § 26-75-602, permits a municipality to pass an ordinance levying a tax of up to three percent (3%) on certain specified gross receipts. A.C.A. § 26-75-602(a) (Supp. 2009). Subsection (c) of that section states, in relevant part:
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance: *Page 3 
 (1) The gross receipts or gross proceeds from renting, leasing, or otherwise furnishing hotel, motel, house, cabin, bed and breakfast, campground, condominium, or other similar rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more[.]
A.C.A. § 26-75-602(c)(1) (Supp. 2009) (emphasis added).
My predecessor discussed this "30-day exemption" in Op. Att'y Gen. 2002-305, stating:
 This exemption applies to any accommodation . . . that is leased or rented for a period of 30 days or more . . . [I]t is clear, in my opinion, that the statute is referring to any room that is used for sleeping, meeting, or as a party facility, and that has been leased or rented for a period of 30 days or more . . . In my view, the exemption applies to an agreement to make accommodations available for 30 days or more
[.]
Op. Att'y Gen 2002-305 (some emphasis added).
As you can see from the emphasized language, this opinion indicates that it is the specific period for which the accommodations are actually rented, i.e., made available, that is dispositive.
I will note, moreover, that the word "period," as in a "period of thirty days or more," is typically understood to mean one specific interval, division or portion of time. See Random House Webster'sUnabridged Dictionary 1440 (2nd ed. 1999). Based on this common understanding, it is my opinion that when the statute refers to the "rental or lease of such accommodations for periods of thirty (30) days or more," it means those rentals or leases that are for a specified interval of time equaling thirty days or more.
Accordingly, in my opinion, it is not the total number of days that the renter ultimately stays that is dispositive. Rather, it is the length of the specific period for which the room is actually rented, i.e., the period for which the proprietor of *Page 4 
said accommodations is actually obligated to make the accommodations available to the renter, that determines whether the tax must be paid. See id. In other words, if a room is first rented for the specific period of one day, and the renter extends his or her stay for 30 days by renting for one additional day at a time, the accommodations are subject to the gross receipts tax because the room was never actually rented for a period of more than one day. That is, the proprietor was never obligated to make the room available to the renter for more than the then-existing rental period of one day. However, if the room is rented for a specific period of 30 days, then the accommodations are not subject to the gross receipts tax because the room was rented for a period of 30 days or more as contemplated by the statute.[2]
This interpretation has the advantage of generally allowing the proprietor of the accommodations to determine at the outset of a renter's stay whether the gross receipts tax should be charged and avoids many of the complications addressed by your questions, i.e., whether the renter is entitled to a refund if he or she was initially charged the tax in contemplation of a short stay and then extends his or her stay past the thirty-day mark.
Based on this interpretation, it is my opinion that a hotel or motel owner may properly collect the gross receipts tax from an occupant of a motel or hotel room if the occupant does not state his or her intention to stay in the motel or hotel for 30 days or longer, i.e., rent the room for a single period of thirty days or longer, but ultimately stays for thirty days or longer through shorter consecutive periods.
Question 2: If a hotel or motel owner charges the occupant ofa hotel or motel room for the tax in Question 1 on a daily or weeklybasis and collects the tax along with the bill on a daily or weeklybasis, is the occupant, who did not state his intentions to staythirty (30) days or longer to the hotel or motel owner, entitled toa refund of the tax if the occupant stays in hotel or motel roomthirty (30) days or longer for the full amount of the tax collectedfrom the first day of *Page 5 occupancy or does the hotel or motel owner no longer collect thetax from day thirty (30) of the occupancy of the person in the hotelor motel?
As previously stated, in my opinion, it is the period for which the accommodations are actually rented, i.e., made available, rather than the amount of time that they are ultimately used that determines whether the gross receipts tax may properly be collected. If the accommodations are rented for a day or week at a time and never reserved for a single period of thirty days or more, then in my opinion the gross receipts tax applies and the renter is not entitled to a refund if he or she ultimately stays for thirty days or more.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This would ordinarily be the period for which the room is initially reserved. If the reservation is later modified, however, then the modified period would be controlling because the proprietor would then be obligated to make the room available for the modified period.
[2] If the room is initially rented for a single thirty-day period, but the renter modifies the rental period by reducing it, then the gross receipts tax will, it seems, become applicable because the room will no longer be rented (made available) for the full thirty days. It may be relevant to note that many, if not most, conventional hotels and motels have a "maximum length of stay" that is far less than thirty days. For example, if the maximum length of stay is 5 days, the room can only be rented for a single 5 day period at a time. In my opinion, the gross receipts tax will always apply in these situations.